IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HILARY M. LEO,

    Plaintiff,

v.                                                                                1:18-cv-00977-LF

KILOLO KIJAKAZI,[1] Acting Commissioner
of the Social Security Administration,

    Defendant.

**ORDER DENYING MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on plaintiff Hilary M. Leo's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed on July 23, 2021. Doc. 36. The Commissioner took no position on the fee petition. Doc. 38 at 2. On October 28, 2021, I ordered supplemental briefing to allow Mr. Roybal to explain how the fee agreement entitles him to an award of attorney's fees pursuant to § 406(b). Doc. 40. Mr. Roybal submitted his supplemental briefing on November 10, 2021. Having reviewed the briefing, including the supplemental briefing, the record, the applicable case law, and being otherwise fully advised of the premises, I find the motion is not well-taken and DENY it.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

I. **<u>Procedural History</u>**

Ms. Leo's adoptive mother filed an application on Ms. Leo's behalf for Child's Insurance Benefits under Title II ("CIB") on July 23, 2014, when Ms. Leo was 26 years old. AR 286–87.[2] Ms. Leo also filed an application for Disability Insurance Benefits ("DIB") on July 23, 2014. AR 288–89. Both applications alleged disability since April 1, 1991—when Ms. Leo was 4 years old—due to anxiety disorder, bipolar disorder, Asperger's syndrome, and chondromalacia. AR 94–95, 103, 268–89, 307, 361, 364. The Social Security Administration ("SSA") denied both Ms. Leo's CIB and DIB claims initially and on reconsideration. AR 94–134. Ms. Leo requested a hearing before an ALJ. AR 164–65. On June 22, 2017, ALJ Ann Farris held a hearing. AR 59–93. ALJ Farris issued her unfavorable decision on August 2, 2017. AR 36–58. Ms. Leo requested that the Appeals Council review the ALJ's unfavorable decision. AR 262–85. On August 24, 2018, the Appeals Council denied the request for review. AR 1–7. Ms. Leo timely filed her appeal to this Court on October 21, 2018. Doc. 1.

Ms. Leo filed her Motion to Reverse and Remand Administrative Agency Decision and memorandum in support of her motion on May 14, 2019. Docs. 19, 20. On August 13, 2019, the Commissioner filed a response, and on September 28, 2019, Ms. Leo filed her reply. Docs. 24, 25. On October 11, 2019 the Commissioner filed a surreply. Doc. 29. On February 24, 2020, the Court granted Ms. Leo's motion to remand based on the ALJ's failure to resolve an apparent conflict between the vocational expert testimony and the DOT. Doc. 34 at 15–16.

---

[2] Document 12-1 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

On remand, ALJ Jeffrey N. Holappa issued a final administrative order which was fully favorable to Ms. Leo. Doc. 36-7. The SSA awarded back benefits totaling $77,937.40.[3] Doc. 36-2 at 3 (awarding past due benefits of $52,803.00); Doc. 36-3 at 3 (awarding past due benefits of $25,134.40). The Commissioner issued two Notices of Award to Ms. Leo, both dated July 4, 2021. The first notified Ms. Leo that she would receive a check for $1,008.00 for money owed to her through June 2021, and after that, she would receive $1,008.00 per month. Doc. 36-2 at 1–2. The second notified Ms. Leo that she would receive a check for $19,564.40 for money owed to her through May 2021, and after that, she would receive $142.00 per month. Doc. 36-3 at 1–2. On November 3, 2020, the Commissioner awarded Ms. Leo's attorney, Victor Roybal, $6,000.00 for the work he performed at the administrative level. Doc. 36 at 2; Doc. 36-3 at 2–3. On July 4, 2021, the SSA notified Ms. Leo that in addition to the $6,000 already paid to Mr. Roybal, the SSA had withheld $13,484.35 ($13,200.75 + $283.60) from her past-due benefits to pay for attorney's fees for work before the district court. Doc. 36-2 at 4; Doc. 36-3 at 4. Mr. Roybal now requests that he be awarded $13,484.35, the total remaining amount withheld for attorney's fees, for legal services rendered before this Court. Doc. 36 at 1. In support of his request, Mr. Roybal submits the Contract for Legal Representation for a Social Security Disability Claim signed by Ms. Leo on November 9, 2016 ("fee agreement"). Doc. 36-6.

## II.     Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done

---

[3] Mr. Roybal erroneously states that Ms. Leo was awarded $72,367.40 in back benefits. Doc. 36 at 2.

before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both the Equal Access to Justice Act ("EAJA") and under § 406(b). *Id.* at 497.[4] If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

> Under 42 U.S.C. § 406(b)(1),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

---

[4] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

4

"The tenor of 406(b) is permissive rather than mandatory.  It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  Traditionally, an award of attorney's fees is a matter within the sound discretion of the court.  *Id*.  "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

### III.    Analysis

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court provided guidance for awarding attorney's fees following the Commissioner's award of past-due benefits.  The analysis under *Gisbrecht* begins with a valid fee agreement.  The Court is required to assess the terms of the agreement in order to determine whether the agreement is reasonable.  The Supreme Court instructed that the courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht*, 535 U.S. at 808.  The Supreme Court concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id*. at 793.  "[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.  Here, there is not a valid fee agreement that the Court can review for reasonableness under § 406(b).

The fee agreement submitted by Mr. Roybal is ambiguous in several areas except with regard to its applicability.   The last sentence of paragraph 2 states, "[t]his agreement **applies to appeals through the administrative hearing before an administrative law judge**.  If further

5

appeals are necessary, attorney fees will be renegotiated." Doc. 36-6 at 1 (emphasis added). By its terms, the fee agreement does not provide for a fee for work performed in this Court. Mr. Roybal does not direct the Court to any term of the fee agreement that provides for its applicability to the work performed in this Court. The Court is unaware of any other fee agreements between Ms. Leo and Mr. Roybal. Consequently, the fee agreement applies only to work performed by Mr. Roybal at the administrative level, and not to work performed in this Court.[5]

As the Court discussed in its order for supplemental briefing, the fee agreement between Mr. Roybal and Ms. Leo is unclear as to what fee, if any, he is entitled to pursuant to the fee agreement. In paragraph 2, the fee agreement states:

> In consideration of the services to be performed by attorney and it being the desire of the claimant to compensate attorney, claimant agrees to pay attorney a fee equal to 25 percent of the past-due benefits or the dollar amount established pursuant to 42 U.S.C. § 406(a)(2)(A) or 42 U.S.C. § 406(b) payable to me and my beneficiaries resulting from my claim[s] or $6,000.00.

Doc. 36-6 at 1. This sentence is confusing because the claimant is agreeing to a fee equal to 25 percent of past-due benefits **or** the dollar amount established pursuant to 42 U.S.C. § 406(a), which provides for a fee for work performed before the Commissioner, **or** 42 U.S.C § 406(b), which provides for fees for representation before the Court. The fee agreement goes on to say, "**or** $6,000.00," but it fails to state the circumstances under which Mr. Roybal would be receiving $6,000.00. In other words, this sentence appears to give the claimant a choice between 25 percent of past-due benefits, the dollar amount established by statute, or $6,000.00.

---

[5] Paragraph 3 of the fee agreement references an appeal to this Court stating, "[i]f this matter is appealed to U.S. District Court, fees are subject to the Equal Access to Justice Act. (EAJA)." Doc. 36-6 at 1  As Mr. Roybal points out, however, EAJA fees were not pursued or paid in this case. Doc. 36 at 2; Doc. 41 at 1.

The Court ordered supplemental briefing to allow Mr. Roybal the opportunity to explain how the fee agreement entitles him to attorney's fees pursuant to § 406(b). In the supplemental briefing, Mr. Roybal does not provide an explanation based on the fee agreement he submitted. Instead, he attempts to cure the deficiencies of the fee agreement by explaining the nature of contingency fee agreements. Doc. 41 at 2–3. He also attempts to explain what Ms. Leo's intentions were under the agreement by submitting an affidavit signed by Ms. Leo on November 8, 2021 (Doc. 41-1 at 2)—almost exactly five years after she signed the fee agreement on November 9, 2016 (Doc. 41 at 3). He further points out that another magistrate judge in this district accepted the same contingent fee agreement that was presented in this case and granted his petition for § 406(b) fees. Doc. 41 at 3. None of these explanations are availing.

First, the Court understands the general nature of contingency agreements: should the plaintiff recover an award, the attorney will get a fee, and if the plaintiff does not recover an award, the attorney will not get a fee. The fee agreement between Mr. Roybal and Ms. Leo, however, is not so clear. As noted above, the agreement appears to give Ms. Leo a choice between 25 percent of past-due benefits, fees pursuant to statute, or $6,000.00.

Second, Ms. Leo's affidavit states that she "agreed to pay Mr. Roybal for his representation before the Social Security Administration and his representation in Federal Court." Doc. 41-1 at 1. Mr. Roybal does not offer any legal authority that an affidavit expressing the client's intent cures a defective contingency fee agreement signed by the client several years prior. Further, the fee agreement does not reflect her intent as outlined in the affidavit. As noted above, the last sentence of paragraph 2 of the fee agreement clearly states, "[t]his agreement applies to appeals through the administrative

7

hearing before an administrative law judge.  If further appeals are necessary, attorney fees will be renegotiated." Doc. 36-6 at 1.  This case proceeded to an appeal before the administrative law judge.  Following an unfavorable result, the case was appealed to this Court.  Mr. Roybal, however, does not present a "renegotiated" fee agreement that establishes an award of attorney fees for the appeal to this Court.

In addition, the fee agreement appears to give Ms. Leo a choice between 25 percent of past-due benefits or the dollar amount established pursuant to 42 U.S.C. § 406(a) (which provides for a fee for work performed before the Commissioner) or 42 U.S.C § 406(b) (which provides for fees for representation before the Court) or $6,000.00.  Doc. 36-6 at 1.  Mr. Roybal has collected $6,000 for work performed before the Commissioner.  *See* Doc. 36 at 2.  Ms. Leo, therefore, does not owe any additional attorney's fees under the fee agreement.

Furthermore, in New Mexico, a contingency fee agreement must be in writing and state the method by which the fee is to be determined, including the percentage of recovery.  The New Mexico Rules of Professional Conduct mandate that "[a] contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal." Rule16-105(D) NMRA (2015).  Again, the written fee agreement states that it "applies to appeals through the administrative hearing before an administrative law judge"; it does not apply to further appeals in this Court.  The affidavit does not change what is written in the fee agreement.

Third and finally, that another magistrate judge in this district accepted the same fee agreement does require that I also accept the fee agreement.

8

Mr. Roybal further argues that "[t]he relevance of a contingent fee agreement under *Gisbrecht* is to only assure that the enforcement of that agreement is reasonable." Doc. 41 at 3. Mr. Roybal cites *Thomas v. Barnhart*, 412 F. Supp. 2d 1240 (M.D. Ala. 2005) and *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001), in support of his argument that attorneys who represent winning claimants in social security cases are entitled to receive reasonable fees. *Id*. at 4. Mr. Roybal's reliance on those cases is misplaced, however, because there was no question in either of those cases as to whether the claimant had signed a contingency fee agreement that applied to work performed before the district court as there is in this case.

By its terms, the fee agreement applies only to appeals through the administrative hearing before an administrative law judge and does not provide for a fee—contingency or otherwise—in this Court. Therefore, the Court cannot award reasonable fees pursuant to the fee agreement for representation in this Court.

IT IS THEREFORE ORDERED that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 36) is DENIED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent